<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ELAINE VITELLARO,**<br><br>       **Plaintiff,**<br><br>v.<br><br>**MAYOR AND TOWNSHIP COUNCIL OF THE TOWNSHIP OF HANOVER & JOSEPH GIORGIO, BUSINESS ADMINISTRATOR,**<br><br>       **Defendants.** | Civil Action No. 09-3310 (WJM)<br><br><u>**REPORT AND RECOMMENDATION**</u> |

<span style="font-variant: small-caps">**Falk**</span>**, U.S.M.J.**

  This matter comes before the Court upon Plaintiff's motion to remand this case to state court. [CM/ECF No. 21.] Defendants oppose the motion. The motion is decided on the papers submitted. Fed. R. Civ. P. 78(b). For the reasons set forth below, it is respectfully recommended that Plaintiff's motion to remand be **granted**.

<u>BACKGROUND</u>

  On June 4, 2009, Plaintiff, Elaine Vitellaro ("Plaintiff"), filed a complaint in New Jersey state court against the Mayor and Township Council of Hanover, as well as the Township's Business Administrator (collectively "Defendants"), alleging violations of federal and state discrimination laws and the Fourteenth Amendment to the United States Constitution. Plaintiff is an administrator for the Township of Hanover. The Complaint alleges that Plaintiff was notified that, due to alleged excessive tardiness and absenteeism, Defendants would conduct a

hearing to determine whether she should be suspended from her job. After multiple adjournments, the hearing was scheduled for May 14, 2009. Plaintiff and her counsel failed to appear for the hearing, and Defendants imposed a four day suspension. In response, Plaintiff commenced the present action, alleging that adequate notice of the hearing was not provided and that any suspension would be discriminatory and in violation of her due process rights.

On July 7, 2009, Defendants removed the original Complaint to this Court based upon federal question jurisdiction. See CM/ECF No. 1. On July 24, 2009, Plaintiff moved to remand, arguing that her state laws claims predominated over any federal claims and that this was more properly a matter for the state court. See CM/ECF No. 6.

Following several conferences with the Court, on October 16, 2009, Plaintiff filed an Amended Complaint as a matter of right, which dismissed all of the federal claims in the original Complaint. See CM/ECF No. 18. Plaintiff's counsel stated that the Amended Complaint was filed in order to delete the federal claims so that the case could be remanded to state court.

The Amended Complaint contains six counts, including alleged violations of state discrimination laws and an alleged "violation of the New Jersey Constitution Article I." Id. There are no express federal claims in the Amended Complaint. Nevertheless, Defendants oppose remand, arguing that Plaintiff's claim under the New Jersey Constitution is actually a federal claim pursuant to the Supreme Court's Opinion in Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308 (2005).

**DISCUSSION**

A.      <u>Federal Jurisdiction</u>

"[T]he party asserting federal jurisdiction in a removed case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court."  <u>Frederico v. Home Depot</u>, 507 F.3d 188, 193 (3d Cir. 2008).  Removal is strictly construed and all doubts are resolved in favor of remand.  See <u>Samuel-Bassett v. Kia Motors Corp.</u>, 357 F.3d 392, 396 (3d Cir. 2004).

A district court has original jurisdiction over cases that "arise under" federal law.  <u>See</u> 28 U.S.C. § 1331.  The existence of federal jurisdiction is determined from the face of the "well-pleaded complaint."  <u>Caterpillar Inc.</u>, 482 U.S. at 392.  In this regard, pursuant to the "well-pleaded complaint" rule, a plaintiff is ordinarily entitled to litigate in state court so long as its complaint does not allege a federal claim on its face.  See <u>Franchise Tax Bd. of Cal. v. Contr. Laborers Vacation Tr. for S. Ca.</u>, 463 U.S. 1, 10 (1983) ("[A] defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case arises under federal law.").  However, in rare circumstances, the absence of an express federal claim is not necessarily fatal to federal "arising under" jurisdiction.  There is a line of authority that sustains federal question jurisdiction over state law claims that present a substantial, embedded question of federal law.  See, e.g., <u>Merrell Dow Pharm., Inc. v. Thompson</u>, 478 U.S. 804, 807-08 (1986); <u>Smith v. Indus. Valley Title Ins. Co.</u>, 957 F.2d 90, 92-93 (3d Cir. 1992), <u>cert. denied</u>, 505 U.S. 1221 (1992).

The standard for establishing embedded federal question jurisdiction was discussed at length in <u>Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.</u>, 545 U.S. 308 (2005).  In <u>Grable</u>, the Supreme Court held that federal jurisdiction could exist over what would appear to be

3

a state court claim raising a federal issue if the state law claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Id. at 314.  Grable was a quiet title action filed in state court that was removed to federal court.  The Court found that the plaintiff premised its claim on a disputed federal issue that was an "essential element" of the action -- namely, whether the IRS failed to give adequate notice pursuant to federal law. Id. at 314-15.  The meaning of the federal law was the only factual or legal issue in dispute in the case and one in which the federal government had a "direct interest in the availability of a federal forum to vindicate its own administrative action . . . ." Id. at 315.  Further, the Court found that no congressional approved balance of federal and state judicial responsibilities would be disturbed since it would be a rare case when a state law quiet title action raised a substantial and disputed federal issue.  See id.

Grable jurisdiction has been described as "narrow and unusual."  Brown v. Organon USA, Inc., No. 07-3092, 2008 WL 2625355, at *4 (D.N.J. June 27, 2008).  In Empire Healthchoice Assur. v. McVeigh, 547 U.S. 677 (2006), the Supreme Court explained that Grable only applies when there is a "pure issue of law . . . that could be settled once and for all and thereafter . . . ." Id. at 700.  The Supreme Court explained that Grable is meant to apply when the federal element in an otherwise state law claim "qualifies as 'substantial' and its resolution" would not only be dispositive of the case, but would be controlling in other cases. Id.  Thus, in any given case, there must be more than a federal element "to open the arising under door." Id.; see also Stout v. Novartis Pharm. Corp., No. 08-856, 2009 WL 4576130, at *2 (D.N.J. Nov. 30, 2009) (finding that Grable requires a substantial dispute over the "validity, construction, or effect of federal law").  Instead, as the Supreme Court explained, it must be necessary to decide a truly

4

substantial and dispositive question of federal law in order to "squeeze[] into the slim category Grable exemplifies." Id.

### B. Parties' Arguments

Plaintiff argues that the Amended Complaint presents pure state law claims and does not involve any aspects of federal law. She states that her Amended Complaint contains five state law causes of action and a claim expressly pleaded under the New Jersey Constitution, not the United States Constitution. According to Plaintiff, the claim under the New Jersey Constitution premised on an alleged lack of due process "does not turn on a question of federal law or arise under a federal question." (Pl.'s Br. 12.)

Defendants' opposition to remand is based entirely on its assertion that Plaintiff's claim under the New Jersey Constitution is somehow really a federal claim arising under federal law. (Defs.' Br. 4.) Defendants do not allege that the claim itself contains an alleged violation of federal law or that it arises under federal law, nor do Defendants argue that this case presents the need for the interpretation of a federal law that would be controlling in other cases. Rather, Defendants' argument is that because the New Jersey Supreme Court has concluded that United States Supreme Court precedent applies to procedural due process questions under the New Jersey Constitution, Plaintiff's state constitutional claim is really a federal claim. (Defs.' Br. 7-10.)

### C. Analysis

Defendants' opposition to remand is based solely upon Plaintiff's claim under the New Jersey Constitution. Thus, the sole issue for this Court to decide is whether an alleged violation of the New Jersey Constitution presents a federal issue that fits into the slim category of Grable "arising under" jurisdiction. This Court has previously addressed the interplay between Grable

5

and claims under the federal and New Jersey state constitutions.  See Ortiz v. Univ. of Med. & Dentistry of N.J., No. 08-2669, 2009 WL 737046 (D.N.J. Mar. 19, 2009).

In Ortiz, the plaintiff filed a claim under the New Jersey Civil Rights Act, N.J.S.A. § 10:6-1, *et seq*. ("NJCRA"), alleging a violation of her *federal* constitutional rights.  2009 WL 737046, at *5, *7.  The NJCRA provides for a private civil action whenever an alleged victim "has been deprived of any substantive due process or equal protection rights, privileged or immunities secured by the Constitution or law of the United States . . . **or** laws of this State . . . ." N.J.S.A. § 10:6-2(c) (emphasis added). The plaintiff in that case brought a claim under the state NJCRA, but alleged underlying violations of her *federal* constitutional rights.  See id. at *7.  The defendant removed the case to federal court, arguing that the matter presented a substantial and disputed question of federal law under Grable -- namely, alleged violations of the United States Constitution.  Plaintiff moved to remand, arguing that the only claims pleaded were pure state law claims.  This Court rejected the argument and declined to remand the case.  It was this Court's opinion that the express pleading of a violation of the United States Constitution presented a disputed and substantial issue of federal law.  See id. at **9-10.

Ortiz presented the unique circumstance of a statutory state law claim requiring the necessary resolution of a substantial and disputed question of federal law.  This Court explained how rare a circumstance Ortiz presented and the ramifications of a plaintiff's pleading choice when alleging violations of constitutional rights in New Jersey:

> In the world of removal, it is often said that plaintiff is the master of her own complaint.  Beneficial v. Nat'l Bank of Anderson, 539 U.S. 1, 12 (2003).  **A plaintiff contemplating an action under the NJCRA has a choice to make.  If she alleges violations of her federal constitutional rights, the case is identical to a §1983 action and may be removed to federal court.  If she wishes to remain in state court, she may choose to plead only violation of her state constitutional rights under the NJCRA.**

6

Id. at *10 (emphasis added).

Here, Plaintiff has chosen the latter of the above two circumstances. She has pleaded alleged violations of her *state*, not federal, constitutional rights. That is her right as a plaintiff; she is the master of her complaint, and is entitled to pursue the remedies available to her under state law. See, e.g., Caterpillar, Inc., 482 U.S. at 392 ("The well pleaded complaint rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."). Defendants argue that despite the absence of a federal claim, and despite Plaintiff's choice to pursue only her remedies under the state constitution, the claim is really federal because of New Jersey common law precedent. The Court disagrees.

First, the New Jersey Supreme Court is not bound by the United States Supreme Court's interpretation of the federal constitution. See, e.g., Hutton Park Gardens v. Town Council of West Orange, 68 N.J. 543, 560 (N.J. 1975) ("In construing [Article I, s 1 of the New Jersey Constitution], we are not obligated to rigidly follow the Supreme Court in its construction of the fourteenth amendment to the federal constitution."). Second, allowing a state court's choice of controlling law to establish a federal district court's jurisdiction is wrongheaded. Adopting this position would transform every claim alleging violations of a state constitution into a federal claim. This is plainly not the intent of Empire Healthchoice and Grable. See, e.g., Ortiz, 2009 WL 737046, at **7-10; Jouria v. Educ. Comm'n Foreign Med. Graduates, No. 09-4310, 2009 WL 3415273, at *2 (E.D. Pa. Oct. 22, 2009) (noting, in the context of Grable analysis, that it "*goes without saying that issues involving rights under state constitutions are not matters 'arising under' the federal Constitution or laws or treaties of the United States*." (emphasis added)). Moreover, such a rule would allow creation of federal jurisdiction based on the whims of a state court, and would abrogate the well-settled principle that only Congress can establish a

federal court's jurisdiction.  See, e.g., Kontrick v. Ryan, 540 U.S. 443, 452 (2004).  Grable requires more than speculative assumptions that a state court will voluntarily chose to apply federal law in matters pending before it.

Empire Healthchoice and Grable present a narrow and highly unusual avenue for jurisdiction present only when there is a dispute over the "interpretation of federal law."  Stout, 2009 WL 4576130, at *2.  The federal dispute must be necessary to decide, substantial, and should result in a dispositive interpretation of federal law -- both in the case in which the interpretation is required and in other cases.  See Empire Healthchoice, 547 U.S. at 700.  There is no such dispute in this case.  Rather, this case presents, at most, a routine factual dispute.  Plaintiff alleges that she did not receive notification of a disciplinary hearing.  See, e.g., Compl. ¶¶ 19-23.  Plaintiff either received adequate notice of the hearing or she did not.  That is a simple fact issue.  There is no dispute over the interpretation of federal law, let alone a substantial one, and there is no federal issue that could be decided now and for future cases.  Therefore, there is no basis for Grable jurisdiction in this case.  See, e.g., Empire Healthchoice, 547 U.S. at 700-01; Singh v. Duane Morris LLP, 538 F.3d 334, 339 (5th Cir. 2008) ("finding federal jurisdiction inappropriate where 'federal issue did not require resolution of important question of law but was predominately one of fact."); Bennett v. Sw. Airlines Co., 484 F.3d 907, 910 (7th Cir. 2007) ("What the Court said about Grable in Empire Healthchoice can be said here too.  We have a fact specific-application of rules that come from both federal and state law rather than a context-free inquiry into the meaning of a federal law."); Stout, 2009 WL 4576130, at *2 ("If the dispute is about the facts or state law, then the federal interest in hearing the case simply does not exist.").[1]

---

[1] As there is no embedded federal claim, there is no need to reach the question of whether the Court should "veto" federal jurisdiction due to concerns over the proper balance of federal and state judicial responsibilities.  See Grable, 545 U.S. at 313 ("But even when the state action discloses a contested and substantial federal question, the exercise of federal jurisdiction is

Plaintiff is the master of her Complaint and has only pleaded violations of state law. Defendants have failed to establish their heavy burden of showing that this case falls within the narrow scope of Empire Healthchoice and Grable jurisdiction. Remand of this case to state court is warranted.[2]

## CONCLUSION

For the above stated reasons, it is respectfully recommended that Plaintiff's motion to remand this case to state court be **granted**.

s/Mark Falk<br>
**MARK FALK**<br>
**United States Magistrate Judge**

---

subject to a possible veto. For the federal issue will ultimately qualify for a federal forum only if federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts."). However, the Court notes that an exercise of jurisdiction in this case would create a new and substantial category of removable actions, i.e., any complaints presenting claims under the New Jersey Constitution, and undoubtedly upset the congressionally mandated balance between federal and state courts. Thus, even if there was an embedded federal claim, the Undersigned would recommend that the Court decline federal question pursuant to Grable.

[2] Defendants do not argue that this Court should maintain supplemental jurisdiction over the pendant state law claims. The Third Circuit has observed that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) (quotation omitted) (emphasis in original); see also Green v. America Online, 318 F.3d 465, 468 n.1 (3d Cir. 2008). Defendants do not argue that continued assertion of supplemental jurisdiction is proper in this case, and the Court believes that even a cursory glance at judicial economy, convenience, and fairness to the parties clearly weigh in favor of remand.